1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JAMIE HOWARD                          No. 2:17-cv-0756-WBS-KJN

12              Plaintiff,

13        v.                              ORDER

14   WILLIAM JESSUP UNIVERSITY,

15

16              Defendant.

17

18        On December 14, 2017, the court conducted a hearing with respect to plaintiff's motion to

19   compel.  (ECF No. 12.)  At the hearing, attorneys Adria Silva and George Allen appeared on

20   behalf of plaintiff, and attorneys Alexa Greenbaum and Alden Parker appeared on behalf of

21   defendant.  After carefully considering the parties' joint statement regarding their discovery

22   disagreement (ECF No. 13) and the parties' oral argument, and for the reasons stated on the

23   record at the hearing, IT IS HEREBY ORDERED that:

24        1. Plaintiff's motion to compel (ECF No. 12) is GRANTED IN PART on the terms

25           outlined in this order.

26        2. As to Interrogatory No. 4, defendant shall identify every student, employee, or other

27           person who has made or filed any type of complaint (as defined in greater detail in the

28           interrogatory itself) alleging gender discrimination or retaliation by defendant with

                                              1

respect to university athletics, for the time period of 2 years prior to plaintiff's

termination through 2 years after plaintiff's termination.

3. As to Request for Production No. 6, defendant shall respond to the request as phrased, except that the time period is limited to 2 years prior to plaintiff's termination through 2 years after plaintiff's termination.

4. As to Interrogatory No. 6, defendant shall respond to the interrogatory as phrased, except that the time period is limited to 2 years prior to plaintiff's termination through 2 years after plaintiff's termination.

5. As to Interrogatory No. 7, defendant shall respond to the interrogatory as phrased.

6. As to Requests for Production of Documents Nos. 7 and 8, defendant shall respond to the requests as phrased, except that the time period is limited to 2 years prior to plaintiff's termination through 2 years after plaintiff's termination. If, after a thorough investigation, defendant determines that providing information regarding a specific line item(s) identified in the requests may be unduly burdensome, the parties shall meet and confer in good faith to attempt to reach a resolution of the matter. If the parties are unable to informally resolve any dispute, they may raise it with the court by virtue of an informal telephonic discovery conference.[1]

7. The parties are directed to promptly meet and confer regarding the preparation of a stipulated protective order for the court's consideration and approval concerning disclosure and discovery of any confidential or proprietary information implicated by the above discovery requests.

8. The foregoing is without prejudice to defendant's ability to assert the attorney-client privilege or work product protection with respect to information or documents responsive to the above requests, provided that it is asserted in good faith and that an appropriate privilege log is provided along with the supplemental discovery responses.

---

[1] The procedures and conditions for requesting and conducting such an informal telephonic discovery conference are outlined in Judge Newman's "Order re Informal Telephonic Conferences re Discovery Disputes," posted on the court's website at http://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/5046/.

9. Supplemental responses, document production, and any privilege log shall be provided in a timely fashion, taking into account the impending holidays.

IT IS SO ORDERED.

Dated: December 15, 2017

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE